UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-225 |
| ALFRED MONTGOMERY, III | SECTION "R" (4) |

### ORDER AND REASONS

Before the court is petitioner Alfred Montgomery, III's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] The government opposes the motion.[2] For the following reasons, the Court denies Montgomery's § 2255 motion and denies a certificate of appealability.

### I.  BACKGROUND

In June 2016, law enforcement officials ("LEO") received information from a Confidential Source ("CS") that Montgomery was in possession of a firearm that he wanted to sell.[3] On June 9, 2016, under the direction of LEO, the CS placed a recorded telephone call to Montgomery, advising him that

---

[1]    R. Doc. 70.
[2]    R. Doc. 73.
[3]    R. Doc. 43 ¶ 9.

he/she knew someone who wanted to purchase a firearm.[4] That same day, the CS and an undercover law enforcement official met Montgomery at a grocery store located in Hammond, Louisiana.[5] When he arrived, Montgomery entered the undercover official's vehicle and produced a Smith & Wesson, 9mm semi-automatic pistol, which had five rounds of live ammunition in the magazine, and offered to sell it for $200.[6] The undercover official then purchased the firearm from Montgomery.[7]

On June 29, 2016, after the CS contacted LEO advising that Montgomery had a second firearm that he wished to sell, the undercover official met Montgomery at a home improvement store in Hammond, Louisiana, at which point the undercover official purchased a Haskell Manufacturing Hi-Point, .45 caliber semi-automatic pistol from Montgomery for $200.[8] After the firearm sale, Montgomery exited the undercover official's vehicle, but he returned after a brief period and offered to sell the official a quantity of marijuana.[9] The undercover official accepted and purchased the marijuana for $20.[10]

---

[4]    *Id.*
[5]    *Id.* ¶ 10.
[6]    *Id.*
[7]    *Id.*
[8]    *Id.* ¶ 11.
[9]    *Id.*
[10]   *Id.*

Montgomery was subsequently arrested.[11] On December 22, 2016, a federal grand jury returned a three-count indictment against Montgomery, charging him with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and one count of distribution of a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D).[12] On October 3, 2018, Montgomery pled guilty to all three counts of the indictment.[13]

Montgomery stipulated that he had three prior convictions: one Mississippi conviction for burglary of an inhabited dwelling, a Louisiana conviction on seven separate counts of burglary of an inhabited dwelling, and one Mississippi conviction for selling cocaine.[14] The U.S. Probation Office determined that Montgomery is an "armed career criminal" pursuant to section 4B1.4(a) of the U.S. Sentencing Guidelines Manual and subject to enhanced, fifteen-year minimum sentences on the two counts for felon in possession of a firearm under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1) (imposing a mandatory minimum fifteen-year prison sentence on felons who have three prior convictions for violent felonies or

---

[11]   *Id.* at 2.
[12]   R. Doc. 1.
[13]   R. Doc. 35.
[14]   R. Doc. 37 at 3-4; R. Doc. 43 ¶¶ 21, 27.

3

serious drug offenses).[15]  Montgomery objected, arguing that the Louisiana burglary offense did not constitute a "violent felony" triggering ACCA enhancement.[16]  The Court overruled his objection and, on June 5, 2019, sentenced Montgomery to 180 months' imprisonment.[17]

Montgomery filed an appeal in which he asserted that his Louisiana burglary conviction was not a predicate offense under the ACCA.[18]  *See* § 924(e)(2)(B).  On September 10, 2020, the Fifth Circuit Court of Appeals affirmed Montgomery's enhanced sentence, finding that Louisiana simple burglary of an inhabited dwelling constitutes a violent felony for purposes of the fifteen-year minimum sentence mandated by the ACCA.  *United States v. Montgomery*, 974 F.3d 587, 591-94 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2823 (2021) (mem.).  The U.S. Supreme Court denied Montgomery's petition for writ of certiorari on June 21, 2021.  *Montgomery v. United States*, 141 S. Ct. 2823 (2021) (mem.).[19]

---

[15]   R. Doc. 43 ¶¶ 27, 81.
[16]   R. Doc. 45.
[17]   R. Docs. 50, 52.
[18]   R. Doc. 51.
[19]   *See* 28 U.S.C. § 2255(f)(1) (motion must be filed within one year after conviction becomes final); *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) (conviction becomes final when Supreme Court denies petition for writ of certiorari).

Six months later, Montgomery timely filed in this Court a *pro se* corrected motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[20] In his motion, Montgomery contends that his Louisiana and Mississippi burglary convictions do not constitute violent felonies under the ACCA.[21] He further states that his appellate counsel failed to raise requested claims related to his prior convictions during direct appeal.[22] Montgomery also seems to assert that his prior convictions had to be proved beyond a reasonable doubt before his sentence could be enhanced.[23]

The government responds that the Fifth Circuit's decision affirming Montgomery's enhanced sentence bars him from re-asserting the claim that his Louisiana burglary conviction is not a violent felony under the ACCA.[24] The government also asserts that Montgomery's claim regarding his Mississippi burglary of a dwelling conviction is procedurally defaulted and irrelevant because he failed to raise this claim on direct appeal.[25] To the extent Montgomery alleges ineffective assistance of counsel, the government maintains that he cannot demonstrate prejudice from any alleged deficiency

---

[20] R. Doc. 70.
[21] *Id.* at 4-11.
[22] *Id.* at 4, 6.
[23] *Id.* at 13.
[24] R. Doc. 73 at 4.
[25] *Id.* at 4-5.

5

by his appellate counsel.[26]  Finally, the government contends that Montgomery's claim that his prior convictions had to be proved beyond a reasonable doubt is both meritless and procedurally defaulted for failure to raise this claim on direct appeal.[27]

The Court considers the parties' arguments below.

## II.  LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four grounds on which the motion may be made:

> (1) [T]he sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."

*United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (first citing 28 U.S.C. § 2255; and then citing *United States v. Cates*, 952 F.2d 149, 151 (5th

---

[26]   *Id.* at 5-6.
[27]   *Id.* at 6-7.

Cir. 1992)). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962) (internal quotation marks omitted)).

The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (first citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980); and then citing *Barnes v. United States*, 579 F.2d 364, 366 (5th Cir. 1978)). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Violent-Felony Claims

#### 1. *Louisiana Simple Burglary of an Inhabited Dwelling*

The ACCA enhances sentences for § 922(g) convictions for persons who were previously convicted of violent felonies on three different occasions. 18 U.S.C. § 924(e)(1). The ACCA lists "burglary" as a predicate

7

offense constituting a crime of violence. *Id.* § 924(e)(2)(B)(ii). On direct appeal, the Fifth Circuit held that Montgomery's prior Louisiana conviction for simple burglary of an inhabited dwelling qualifies as a violent felony under the ACCA. *Montgomery*, 974 F.3d at 591-53. The Fifth Circuit reasoned that the Louisiana statute "is arguably narrower than generic burglary" because "there is a greater 'possibility of a violent confrontation between the offender and an occupant' than in a generic burglary." *Id.* at 592-93 (quoting *Taylor v. United States*, 495 U.S. 575, 588 (1990)). Thus, the court concluded that a conviction for simple burglary of an inhabited dwelling in Louisiana qualifies as a predicate offense for enhanced sentencing under the ACCA. *Id.*

Montgomery cannot re-assert issues in a § 2255 motion that he has already raised on direct appeal. *See United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) ("[W]e may not consider an issue disposed of in [petitioner's] previous appeal at the § 2255 stage." (citations omitted)); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." (citation omitted)); *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) ("If issues are raised and considered on direct appeal, a defendant is

8

thereafter precluded from urging the same issues in a later collateral attack."). On direct appeal, the Fifth Circuit addressed and rejected Montgomery's claims that his Louisiana burglary convictions were not violent felonies. Accordingly, the Court dismisses these claims as procedurally barred.

        2.    *Mississippi Burglary of an Inhabited Dwelling*

The Fifth Circuit did not consider the violent-felony status of Montgomery's Mississippi conviction for burglary of an inhabited dwelling.[28] Nevertheless, any claims Montgomery asserts as to this issue are procedurally barred because he failed to raise them on direct appeal.[29] *See United States v. Hudson*, No. 09-0171, 2015 WL 4042106, at *4 (Vance, J.) ("Failing to object when a substantive right could have been protected or failing to properly present an issue to the appeals court constitutes 'procedural default.'" (quoting *St. John v. Estelle*, 544 F.2d 894, 895 (5th Cir. 1977))). A collateral challenge under § 2255 generally "may not do service for a direct appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Aside

---

[28]    *See generally Montgomery*, 974 F.3d 587.
[29]    *See* Brief for Appellant, *United States v. Montgomery*, 974 F.3d 587 (5th Cir. 2020) (No. 19-30469), 2019 WL 7040170.

from ineffective assistance of counsel, *see Massaro v. United States,* 538 U.S. 500 (2003), a petitioner may not raise an issue for the first time on collateral review without showing both "cause" for his default and "actual prejudice resulting from the errors of which he complains," or without demonstrating that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Id.* at 164-68; *United States v. Segler,* 37 F.3d 1131, 1133 (5th Cir.1994) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." (quoting *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992) (internal quotation marks omitted))).

Montgomery's claim is procedurally barred because he cannot demonstrate actual prejudice. *See Frady*, 456 U.S. at 168 (finding it unnecessary to determine whether defendant showed cause because he suffered no actual prejudice justifying collateral relief). As an initial matter, the Fifth Circuit held in 2022 that "Mississippi's crime of burglary of a dwelling is a crime of violence under the ACCA." *United States v. Thompson*, 54 F.4th 849, 852 (5th Cir. 2022) (examining Mississippi Code section 97-17-23, the same statute underlying Montgomery's Mississippi burglary

10

conviction[30]). Nevertheless, even if Montgomery's Mississippi burglary conviction did not qualify as a violent felony, his seven counts of Louisiana burglary constitute seven violent felonies triggering the ACCA enhancement. *See* 18 U.S.C. § 924(e)(1); *Montgomery*, 974 F.3d at 591-53. Under 18 U.S.C. § 924(e), the fifteen-year minimum sentence applies when the defendant has three previous qualifying convictions "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), and if they "arose out of separate and distinct criminal episodes." *See United States v. Ressler*, 54 F.3d 257, 260 (5th Cir. 1995) (citing *United States v. Hudspeth*, 42 F.3d 1015 (7th Cir. 1994)); *see also United States v. White*, 465 F.3d 250, 253 (5th Cir. 2006) ("It is well established in this circuit that '[m]ultiple convictions arising from the same judicial proceeding but separate criminal transactions constitute multiple convictions for purposes of § 924(e)'" (quoting *Ressler*, 54 F.3d at 259)). "In many cases, a single factor—especially of time or place—can decisively differentiate occasions" for purposes of § 924(e)(1). *Wooden v. United States*, 142 S. Ct. 1063, 1071 (2022).

Here, Montgomery pled guilty to seven distinct counts of simple burglary of an inhabited dwelling in Louisiana, which he committed at

---

30     R. Doc. 37 at 3.

11

different times and locations.[31] The underlying facts of each count represent seven separate and distinct criminal episodes. *See Ressler*, 54 F.3d at 260. It is therefore immaterial whether the Mississippi burglary conviction qualifies as a violent felony under the ACCA because Montgomery's seven separate counts of Louisiana burglary fulfill the requisite number of predicate offenses triggering the fifteen-year sentence enhancement. *See* 18 U.S.C. § 924(e)(1). For these reasons, Montgomery cannot demonstrate an "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions" that warrants the vacating of his convictions and sentences. *See Frady*, 456 U.S. at 170.

### B. Ineffective Assistance of Appellate Counsel

In addition to raising substantive claims on the violent-felony status of his prior convictions, Montgomery vaguely maintains that his appellate counsel performed deficiently by failing to assert requested claims related to his prior convictions on direct appeal. To the extent that his motion raises

---

[31] R. Doc. 39-1. One count arose from an incident on March 13, 2009; one count arose from an incident on March 20, 2009; one count arose from an incident on April 1, 2009; one count arose from an incident on April 2, 2009; and three counts arose from incidents on April 8, 2009. *Id.* The counts arose from the unauthorized entry of property located at seven distinct addresses in Hammond, Louisiana. *Id.*

ineffective assistance of appellate counsel for failing to challenge whether his Mississippi burglary conviction was a violent felony, Montgomery must show that: (1) appellate counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984); *see also Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006) (recognizing that the two-part *Strickland* test applies to ineffective assistance of appellate counsel claims). Montgomery must satisfy both parts of the *Strickland* test. *See Strickland*, 466 U.S. at 687, 697. If the Court finds that he has made an insufficient showing as to either part, it may dispose of the claim without addressing the other. *See id.* at 687, 697.

Under the first part of the *Strickland* test, appellate counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). The Court should "not find inadequate representation merely because, with the benefit of hindsight, [the Court] disagree[s] with counsel's strategic choices." *Id.* As to the second part of the test, Montgomery must show "that there is a reasonable probability that, but for [appellate] counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable

probability exists when there is "a probability sufficient to undermine confidence in the outcome." *Id.*

As an initial matter, Montgomery's two broad, conclusory allegations that his appellate counsel failed "to raise adequate ground[s] as [he] instructed" and "did not comply with [his] request" to raise the issues on direct appeal are unsupported by evidence.[32] Naked statements of ineffective assistance are insufficient to meet the *Strickland* standard. *See, e.g., Green v. McGougan,* 744 F.2d 1189, 1191 (5th Cir.1984) ("One claiming ineffective assistance of counsel must identify specific acts or omissions; general statements and conclusionary charges will not suffice." (quoting *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984) (internal quotation marks omitted))). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103 (5th Cir. 1971)). Courts are "thus bound to re-emphasize that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Id.* at 1012 (citing *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982)).

---

[32] R. Doc. 70 at 4, 6.

In addition to the conclusory nature of Montgomery's ineffective assistance claim, which is enough for the Court to dispense with it, *see id.*, the claim also fails to satisfy the second prong of the *Strickland* test. The Fifth Circuit affirmed Montgomery's fifteen-year sentence based on his Louisiana burglary convictions. *See Montgomery*, 974 F.3d at 591-53. Thus, for the same reasons that he failed to demonstrate actual prejudice justifying collateral relief,[33] Montgomery cannot establish that the result of his appeal would have been different had appellate counsel raised issues regarding his Mississippi burglary convictions. Montgomery accordingly fails to show prejudice from the alleged ineffective assistance of appellate counsel, and the Court denies this claim. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

### C.  Submission of Enhancement Fact to a Jury

In his § 2255 motion, Montgomery appears to assert that his prior convictions had to be proved beyond a reasonable doubt before his sentence could be enhanced.[34] This claim is meritless. In *Apprendi v. New* Jersey,

---

[33]  *See supra*, Section III.A.2.
[34]  R. Doc. 70 at 13.

15

the U.S. Supreme Court held that, "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000) (emphasis added); *see also Mathis v. United States*, 579 U.S. 500, 511-12 (2016) (recognizing the limited exception for "the simple fact of a prior conviction").

Following *Apprendi*, the Fifth Circuit—and every other court of appeals—has recognized that the rationale of *Apprendi* does not apply to ACCA sentence enhancements based on prior criminal convictions. *See United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002) ("'[B]ecause Section 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision,' neither the statute nor the Constitution requires a jury finding on the existence of the three previous felony convictions required for the enhancement." (quoting and reaffirming *United States v. Affleck*, 861 F.2d 97, 98-99 (5th Cir. 1988) in light of *Apprendi*, 530 U.S. 466 (internal quotation marks omitted))); *see also United States v. Brown*, 67 F.4th 200, 206-07 (4th Cir. 2023) (collecting cases). Thus, the fact of Montgomery's prior convictions was a sentencing factor properly considered by this Court, not a separate element of the crime requiring jury determination. *See Stone*, 306 F.3d at 243; *White*, 465 F.3d at 254. *Cf.*

16

*Mathis*, 579 U.S. at 511-12 ("[A judge] can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of." (citations omitted)). The Court therefore finds that this claim must be dismissed.

### D.   Certificate of Appealability

When a district court enters a final order adverse to a petition under 25 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)).

Here, Montgomery's motion does not satisfy these standards. For the reasons stated in this order, the Court finds that Montgomery's arguments

do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender debate among reasonable jurists or deserve encouragement to proceed further. Accordingly, the Court will not issue a certificate of appealability.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Montgomery's motion to vacate his sentence under 28 U.S.C. § 2255. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __16th__ day of June, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE