UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-225 |
| ALFRED MONTGOMERY, III | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is *pro se* petitioner Alfred Montgomery, III's motion, which he styles as a "writ of habeas corpus order for records mittimus detention order."[1] The Government opposes the motion.[2] For the following reasons, the Court denies Montgomery's motion.

### I.   DISCUSSION

A federal grand jury in the Eastern District of Louisiana returned a three-count indictment against Montgomery, charging him with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and one count of distribution of a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D).[3] On October 3,

---

[1]   R. Doc. 75.
[2]   R. Doc. 77.
[3]   R. Doc. 1.

2018, Montgomery pleaded guilty to all three counts of the indictment without a plea agreement.[4]  The Court sentenced Montgomery to prison terms of 180 months for Counts 1 and 2 under the Armed Career Criminal Act ("ACCA"),[5] 18 U.S.C. § 924(e), and to 60 months for Count 3, all to be served concurrently.[6]  On appeal, the Fifth Circuit affirmed Montgomery's enhanced sentence.  *United States v. Montgomery*, 974 F.3d 587, 591-94 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2823 (2021) (mem.).  Montgomery is currently incarcerated at the Federal Correctional Institution in Pollock, Louisiana, and has a projected release date of November 6, 2029.[7]

Montgomery timely filed in this Court a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255,[8] which was denied on June 16, 2023.[9]  Thirteen days after filing his § 2255 motion to vacate, Montgomery filed the instant motion.[10]  He contends that certain documents

---

[4]   R. Doc. 35.
[5]   Montgomery stipulated that he had three prior convictions: one Mississippi conviction for burglary of an inhabited dwelling, a Louisiana conviction on seven separate counts of burglary of an inhabited dwelling, and one Mississippi conviction for selling cocaine. R. Doc. 37 at 3-4; R. Doc. 43 ¶¶ 21, 27.
[6]   R. Doc. 52.
[7]   *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited September 25, 2023).
[8]   R. Doc. 70.
[9]   R. Doc. 86.
[10]  R. Doc. 75.

2

must be "presented to the Clerk of Court to show the judicial order signed by the judge under his or her 'full judicial power' to incarcerate a person."[11] Montgomery seemingly requests such documents to challenge the jurisdiction of the Court, stating that the documents are to provide "proof of concurrent and[/]or exclusive jurisdiction."[12] The Court construes Montgomery's motion as a request for documents.[13]

In his motion, Montgomery requests a copy of a "bill of particular," documents in relation to 48 C.F.R. § 53.228,[14] and an unspecified "maritime contract."[15] As an initial matter, there was no maritime contract at issue in the prosecution of this case, and the Court is unaware of any insurance or

---

[11]   *Id.* at 3.
[12]   *Id.* The grounds for challenging the Court's jurisdiction are unclear. Montgomery begins his motion by stating that he is not an enemy combatant of Louisiana, and then states that he did not agree "to any maritime contract." *Id.* at 1-2. He then seemingly argues that the Court lacks jurisdiction under Federal Rule of Civil Procedure 12. *Id.* at 2. The Government contends that Montgomery appears to raise sovereign-citizen challenges to the Court's jurisdiction. R. Doc. 77.
[13]   *See* R. Doc. 75 at 3 ("I the third party am requesting a copy of all such document[s]."). In opposition to the motion, the Government contends that it should be construed as an amendment to Montgomery's § 2255 motion. R. Doc. 77. Montgomery filed a reply, in which he clarified that he did not intend for the instant motion to be related to his § 2255 motion. R. Doc. 78. And the Court sees no occasion to construe the motion under § 2255, as it is more properly considered as an independent motion for documents.
[14]   48 C.F.R. § 53.228 contains standard forms for use for bond and insurance requirements.
[15]   R. Doc. 75 at 1, 4.

bond forms under 48 C.F.R. § 53.228. Montgomery's request for a bill of particulars is likewise unavailing. Upon a proper motion, a criminal defendant may request that the government file a bill of particulars. Fed R. Crim. P. 7(f). Such requests must be made before or within fourteen days after the defendant's arraignment or later if the court permits. *Id.* Here, Montgomery made no such motion, and there is no bill of particulars on the record.[16] To the extent Montgomery now seeks a bill of particulars, his motion is untimely by more than six years.[17]

Montgomery further requests a copy of a "mittimus order."[18] A mittimus, also known as a warrant of commitment, is a "court order or warrant directing a jailer to detain a person until ordered otherwise." *Mittimus*, *Black's Law Dictionary* (11th ed. 2019); *see also Biddle v. Shirley*,

---

[16] It is unclear whether Montgomery seeks a bill of particulars in the above-captioned case, or from a Louisiana state-court case in Tangipahoa Parish. *Id.* at 3 ("The 'bill of particular' must show the sentencing court['s] jurisdiction to prosecute violation within the territory of Parish Tangipahoa."). The Court recalls that at the time Montgomery's case was pending in this Court, he also had cases pending in Louisiana state court in Tangipahoa Parish (LA Dkts. #901522, 901763, 901765, 901980, 901981, 901982, 901983, and 901984). If Montgomery seeks documents relating to these state-court actions, this Court is without authority to release such documents.

[17] Montgomery's arraignment took place on January 27, 2017, R. Doc. 13, making a motion for a bill of particulars due before February 10, 2017. *See* Fed. R. Crim. P. 7(f).

[18] R. Doc. 75 at 1, 3.

4

16 F.2d 566, 567 (8th Cir. 1926) ("The mittimus after conviction in criminal cases is a final process for carrying into effect the judgment of the court. . . . The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence."). In the case before us, the "mittimus" Montgomery likely refers to is the Court's directive that he be committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 180 months. If the Court has correctly interpreted Montgomery's motion, he seeks a copy of this order, contained in the judgment of this Court dated June 7, 2019.[19] This document is available in the public record,[20] and the Government previously served upon Montgomery a copy of the judgment.[21] Montgomery's request for the documents is therefore denied.

---

[19] R. Doc. 52.
[20] *Id.*
[21] The Government attached the Court's judgment as Exhibit A to its response to Montgomery's motion for documents, a copy of which was served upon Montgomery. R. Doc. 77 at 8.

5

## II. CONCLUSION

For the foregoing reasons, Montgomery's motion for documents is DENIED.

New Orleans, Louisiana, this __26th__ day of September, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE